IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kelvin J. Miles a/k/a Kelvin Jerome Miles,<br><br>                              Plaintiff,<br><br>         v.<br><br>Commender J. Glen, et al.,<br><br>                              Defendants. | Civil Action No.2:13-01408-RBH-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The Plaintiff, a federal prisoner proceeding *pro se*, brought this action Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). This matter is before the Court upon Plaintiff's Motion for Preliminary Injunction and Motion for Temporary Restraining Order (Dkt. No. 13).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

The Plaintiff brought this action on or about May 20, 2013. (Dkt. No. 1.) On or about June 21, 2013, he filed the instant motion. (Dkt. No. 13.) In his motion, Plaintiff "avers that he has chest pains on and off, leukemia found in his blood at District of Columbia Jail intake may be spreading to other areas of his body." (Dkt. No. 13 at 1 of 5.) He also appears to complain about medical treatment, or lack thereof, after an injury suffered during a fall. (Id.) Plaintiff asks to be moved "to [an] outside hospital . . . to prevent ongoing harassments and threats against his life . . . ." (Id. at 1-2 of 5.) Plaintiff "avers that if he is not treated and monitored at [an] outside medical facility[,] it would be irreparable injury." (Id. at 2.) In addition to treatment at an "outside medical facility," Plaintiff seeks an order restraining

Richard Lanham of the United States Marshals Service from threatening and harasing the Plaintiff. (Id.)

The undersigned recommends dismissal of Plaintiff's Motion for Preliminary Injunction and Motion for Temporary Restraining Order (Dkt. No. 13). Plaintiff is no longer incarcerated at FCI-Estill; he is now incarcerated in Rochester, Minnesota; Plaintiff's Notice of Change of Address refers to a "Federal Medical Center." (See Dkt. No. 22; see also Dkt. No. 31 at 30 of 31 (Plaintiff now incarcerated at Federal Medical Center Rochester).) Because Plaintiff has been transferred to a different facility, his claims for injunctive relief against the Defendants in this case are now moot.[1] See Ajaj v. Smith, 108 Fed. App'x 743 (4th Cir. 2004) (where inmate seeking equitable relief from conditions at one facility was transferred from that facility to another institution, his claims were moot); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991) (transfer mooted prisoner's claims for injunctive and declaratory relief); Magee v. Waters, 810 F.2d 451, 452 (4th Cir.1987) (prisoner's transfer moots his request for injunctive relief against conditions of confinement in facility from which he was transferred). The undersigned therefore recommends that Plaintiff's Motion for Preliminary Injunction and Motion for Temporary Restraining Order (Dkt. No. 13) be dismissed as moot.

---

[1] Plaintiff has been transferred to a medical facility of the Bureau of prisons. Furthermore, the individual of which Plaintiff complains in his motion–Richard Lanham–is not a defendant in the instant case.

2

## **CONCLUSION**

Wherefore, it is RECOMMENDED that Plaintiff's Motion for Preliminary Injunction and Motion for Temporary Restraining Order (Dkt. No. 13) be DISMISSED as moot.

IT IS SO RECOMMENDED.

                                              s/Bruce Howe Hendricks
                                              United States Magistrate Judge

January 31, 2014
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).