IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kelvin J. Miles a/k/a Kelvin Jerome Miles ) | Civil Action No.: 2:13-cv-1408-RBH |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Supervisor, Federal Bureau of ) | |
| Prisons; Commander J. Glen; ) | |
| Edward Read, Health Care Doctor; ) | |
| Lt. Tamara Middleton; and Nurse ) | |
| Michelle Greene, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Kelvin J. Miles ("Plaintiff"), a state prisoner proceeding *pro se*, filed this action pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that Defendants violated his constitutional rights. *See* Compl., ECF No. 1. On June 25, 2013, Plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order which is presently before the Court. *See* Mot., ECF No. 13.

In the motion, Plaintiff alleges that he suffers from chest pains, and that leukemia was found in his blood and may be spreading. *Id.* at 1. He alleges that he has not been treated for these conditions. *Id.* Plaintiff also appears to complain about medical treatment, or lack thereof, he received after suffering a fall. *Id.* at 1–2. He claims that if he is not treated and monitored at an outside facility it would result in irreparable injury. *Id.* at 2. Finally, he seeks an order restraining Richard Lanham of the United States Marshals Service, who he alleges controls the staff at FCI – Estill, from threating and harassing him. *Id.* at 4. The matter is before the Court for review of the

Reports and Recommendations ("R & R") of United States Magistrate Judge Bruce Howe Hendricks.[1]  *See* R & R, ECF No. 43.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the district court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*  However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The Court reviews only for clear error in the absence of a specific objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.  The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A.  The Court is mindful of its duty to liberally construe the pleadings of pro se litigants.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**DISCUSSION**

## I.    Objections to Report and Recommendation

In the Report and Recommendation, the Magistrate Judge recommends that the Court deny Plaintiff's motion as moot because he is no longer incarcerated at the FCI – Estill facility and thus his claims for injunctive relief against Defendants are no longer ripe.  *See Report and Recommendation*, ECF No. 43 at 2.  The Magistrate Judge notes that the Defendant's Notice of Change of Address indicates that he is now housed at a Federal Medical Center in Rochester, Minnesota.  *See* Notice, ECF No. 22 at 1.  The Magistrate Judge also notes that Plaintiff did not name Richard Lanham, the individual which he complains of in his motion, as a Defendant in this matter.  *Id.* at 2 n.1.

In response, Plaintiff filed a "Motion for Amendment and Objection to U.S. Magistrate's Report and Recommendation."  *See* ECF No. 45.  In this filing Plaintiff seeks to amend his complaint to add Richard L. Lanham ("Lanham") as a defendant in this matter.  *Id.* at 1.  He asserts that this individual conspired with the other defendants to deprive Plaintiff of medical care.  *Id.*

Plaintiff's only objection, therefore, asserts that the Court should allow him to amend his Complaint to add Lanham as a defendant.  His filing seems to suggest that if Lanham was added as a defendant, his motion would be proper.  As the Magistrate Judge correctly noted, Plaintiff has been transferred to a different facility.  Plaintiff does not address the Magistrate Judge's analysis regarding the mootness of his claims due to this transfer.  Finding no clear error, the Court adopts this analysis as its own and agrees with the Magistrate Judge that Plaintiff's motion should be denied as moot.  Adding Lanham as a defendant would have no effect on this result, as Plaintiff's own filings assert that Lanham was in charge of the FCI – Estill facility where he was transferred

3

from. Plaintiff has not alleged that Lanham has any connection to the Rochester, Minnesota facility where he is presently confined.

## II.    Motion to Amend

The Court declines to rule on Plaintiff's Motion to Amend at this juncture. All Defendants currently involved in this matter filed a Motion to Dismiss on September 23, 2013. That motion is still before the Magistrate Judge. Once the Magistrate Judge issues a report and recommendation to this Court regarding Defendants' motion, the Court will review that R & R and Plaintiff's motion to determine whether amendment is appropriate.

### CONCLUSION

Therefore, it is **ORDERED** that Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order is **DENIED**.

**IT IS SO ORDERED.**

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
February 19, 2014