```
                IN THE UNITED STATE DISTRICT COURT
                FOR THE DISTRICT OF SOUTH CAROLINA
                         CHARLESTON DIVISION

Kelvin J. Miles a/k/a Kelvin   )
Jerome Miles,                  )
                               )Civil Action No.2:13-01408-RBH-WWD
            Plaintiff          )
                               )
                               )
            v.                 )    REPORT AND RECOMMENDATION
                               )       OF MAGISTRATE JUDGE
                               )
Commender J. Glen, et al.,     )
                               )
            Defendants.        )
                               )
```

This action brought pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388, 91 S. Ct. 1999 (1971), by Kelvin J. Miles, a federal prisoner proceeding <u>pro se</u> and <u>in forma pauperis</u> is before the undersigned United States Magistrate Judge for pretrial supervision and a Report and Recommendation on the defendants' motion to dismiss under Fed.R.Civ.Pro. 12 (b)(1) filed on September 23, 2013. 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e)(D.S.C.).

The plaintiff was sentenced May 11, 1981, to an aggregated sentence of 10 to 30 years in the Superior Court of the District of Columbia, for Burglary and Assault with Intent to Commit Rape. He was released to the District of Columbia from the State of Maryland where he was serving a 45 year sentence for rape and kidnaping imposed in 1979 and 1980.

The plaintiff brought this action on or about May 20, 2013, and sought damages and equitable relief. (Dkt. No. 1.) Plaintiff "avers that he has chest pains on and off, leukemia found in his

blood at District of Columbia Jail intake may be spreading to other areas of his body." (Dkt. No. 13 at 1 of 5.)  He also appears to complain about medical treatment, or lack thereof, after an injury suffered during a fall. (Id.)  Plaintiff asks to be moved "to [an] outside hospital ... to prevent ongoing harassments and threats against his life ... ." (Id. at 1-2 of 5.)  Plaintiff "avers that if he is not treated and monitored at [an] outside medical facility[,] it would be irreparable injury." (Id. at 2.)  In addition to treatment at an "outside medical facility," Plaintiff seeks an order restraining Richard Lanham of the United States Marshals Service, who is not a defendant here, from threatening and harassing him. (Id.)

On February 19, 2014, the Honorable R. Bryan Harwell, United States District Judge, dismissed Plaintiff's Motion for Preliminary Injunction and Motion for Temporary Restraining Order (Dkt. No. 13) since Plaintiff was no longer incarcerated at FCI-Estill.  He was transferred to the Federal Medical Center in Rochester, Minnesota, and, as such, his claims for injunctive relief against the defendants in this case were now moot.

A review of the record and relevant case law reveals that this matter may be subject to dismissal on various grounds; however, Plaintiff has accumulated well over three § 1915(e) dismissals of his prior prison civil actions, so that his Complaint is subject to dismissal pursuant to this Court's

authority under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915.

In relevant part, the PLRA states:

28 U.S.C. § 1915(e)(2)

Notwithstanding any filing fee, or any portion thereof that may have been paid, the court shall dismiss the case at any time if the court determines that –
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may
            be granted; or
        (iii) seeks monetary relief against a defendant
            who is immune from such relief.

In addition, 28 U.S.C. § 1915(g) mandates that:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

It appears that these provisions of the Act require that once three such dismissals under § 1915(e) have been accumulated, a prisoner will be barred thereafter from initiating further civil actions <u>in forma pauperis</u>, unless at the time he files the action he is under imminent danger of serious physical injury. See <u>Green v. Young</u>, 454 F.3d 405, 407 (4th Cir. 2006); <u>Debuc v. Johnson</u>, 314 F.3d 1205, 1208-09 (10th Cir. 2003); <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d. 307, 313 (3rd Cir. 2001).

3

Given the application of the aforementioned statute, this action should not be permitted to proceed. A review of Plaintiff's prior prison conditions actions discloses that a plethora of his actions were dismissed[1] without requiring service of process on defendants because they were frivolous or had failed to state a constitutional claim for federal district court consideration. In all cases, Plaintiff sought leave to proceed in forma pauperis, pursuant to § 1915(a), as he has done in the instant case. In light of these previous "strikes" and the fact that Plaintiff's prayer for equitable relief has been denied because he has been transferred Federal Medical Center in Rochester, Minnesota, he does not meet the "imminent danger" exception to the bar, this action should be dismissed pursuant to § 1915(g). Plaintiff should not be allowed to proceed without the prepayment of court costs. He may, however, timely resume in the District in which he is housed any claims dismissed under §

---

[1] Prior orders of dismissal are set out in Miles v. United States, No. 8:12-cv-02045 (D. Md. July 18, 2012) (identifying Kelvin J. Miles by federal register number 45410-007, identification number 157867, and number 195812), ECF Nos. 1, 7, 16; Miles v. Federal Bureau of Prisons, et al., Civil Action No. 1-12-cv-03957 (N.D.Ga.); Miles v. Ivory, Civil Action No. 8:09-cv-1606 (Doc. 2) (D. Md. July 1, 2009); Miles v. Reginoe, et al., Civil Action No. S-94-2663 (D. Md.); Miles v. Robinson, et al., Civil Action No. S-95-899 (D. Md.); Miles v. Chance, Civil Action No. S-95-1163 (D. Md.); Miles v. Robinson, et al., Civil Action No. S-96-695 (D. Md.); and Miles v. Governor, et al., Civil Action No. S-96-1921 (D. Md.). See, Evans v. Illinois Dep't of Corrections, 150 F.3d 810, 812 (7th Cir. 1998) (district court must cite specific case information upon which it issues a § 1915(g) dismissal).

1915(g), under the fee provisions of 28 U.S.C. § 1914 applicable to all litigants.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the instant action should be dismissed pursuant to this Court's authority under 28 U.S.C. § 1915(g) and all outstanding motions be denied as moot.

Respectfully Submitted,

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

June 18, 2014
Charleston, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).