IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kelvin J. Miles a/k/a Kelvin Jerome Miles, | Civil Action No.: 2:13-cv-01408-RBH |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Commender J. Glen; Edward Read; Lt. Tamda Middleton; Nurse Michelle Green; Supervisor, *Federal Bureau of Prisons*, | |
| Defendants. | |

Plaintiff Kelvin J. Miles, a federal prisoner proceeding *pro se* and *in forma pauperis*, initiated this action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The action is now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Wallace W. Dixon.[1] Although several motions have been filed in this action by all parties, the Magistrate Judge recommends dismissing Plaintiff's complaint under 28 U.S.C. § 1915(g)[2] and denying all motions as moot.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

[2] 28 U.S.C. § 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Plaintiff, who was incarcerated at the Estill Federal Correctional Institution, initiated this *Bivens* action in May 2013 against the above-captioned Defendants, officials with the Federal Bureau of Prisons. Plaintiff seeks medical treatment at an "outside medical facility."[3] The Magistrate Judge issued his R&R on June 18, 2014. R&R, ECF No. 53. He recommends dismissing Plaintiff's complaint because more than three of Plaintiff's previous actions were dismissed because they were either frivolous or failed to state a proper claim. *See* 28 U.S.C. § 1915(g). The Magistrate Judge also reports that Plaintiff is not in imminent danger. Plaintiff filed timely objections to the R&R. Pl.'s Objs., ECF No. 55. In his relevant objections, Plaintiff argues that his "strikes" were actions dismissed prior to the passage of § 1915(g) and that the statute cannot be

---

[3] Because the relevant facts are adequately detailed by the Magistrate Judge in his R&R, the Court, having incorporated the R&R, need not repeat them here.

2

applied retroactively. Moreover, he contends that he is already paying the fee for filing this action in installments and asks that he continue to do so. Pl.'s Objs. 2–3.

After a review the R&R in light of Plaintiff's objections, the Court finds Plaintiff's objections to be without merit. Plaintiff specifically cites *Altizer v. Deeds*, 191 F.3d 540 (4th Cir. 1999), to support his argument that § 1915(g) cannot be applied retroactively. In *Altizer*, however, the Fourth Circuit held that § 1915(g) could not be applied to dismiss actions filed before the passage of the law. *Id.* at 545–47. Plaintiff does not point the Court to any opinion holding that a Court may not deem pre-§ 1915(g) cases as strikes for the purpose of dismissing actions filed after the passage of § 1915(g). In fact, *Altizer* assumes otherwise. *See id.* at 545 ("All five Circuit Courts of Appeals that have addressed whether actions that have been dismissed as frivolous prior to the effective date of the PLRA count toward an inmate's three strikes have answered the question affirmatively."). Moreover, the many cases brought by Plaintiff—and cited by the Magistrate Judge in his recommendation—have formed the basis for previous dismissals of Plaintiff's actions by district courts under § 1915(g). The Court, therefore, finds dismissal of Plaintiff's case, for the reason recommended by the Magistrate Judge, to be appropriate. Accordingly, Plaintiff's relevant objections are overruled.

## CONCLUSION

The Court has thoroughly analyzed the entire record, including the complaint, the Magistrate Judge's R&R, Plaintiff's objections to the R&R, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections, and adopts and incorporates the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is **DISMISSED** *without prejudice*. All pending motions are **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

                                            s/ R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

Florence, South Carolina
July 15, 2014